Case 6:21-cr-00069   Document 751   Filed on 06/03/25 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
June 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff/Respondent,<br><br>v.<br><br>ROEL ANTONIO REGALADO-ARITA,<br>  Defendant/Movant. | §<br>§<br>§<br>§    CRIMINAL NO. 6:21-69-SSSSSS-10<br>§    CIVIL NO. 6:24-36<br>§<br>§<br>§ |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Roel Antonio Regalado-Arita's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supplement thereto (D.E. 668, 672), to which the United States of America (the "Government") responded (D.E. 704). The Court appointed counsel to represent Movant at a limited evidentiary hearing in this matter, and both Parties filed supplemental briefing following the hearing. D.E. 719, 720.

**I. BACKGROUND**

Movant, a citizen of Honduras, was deported in 2013 after being convicted in Texas of felony unauthorized use of a vehicle and felony evading arrest or detention with a vehicle. He was arrested in the United States and deported to Honduras again in 2014, 2016, 2017, and 2020. Movant returned to the United States once more, and from June 2020 until May 2023 worked for the Tetca Human Smuggling Organization (HSO), which conducts bulk smuggling of illegal aliens into the United States.

In 2023, Movant was charged in this case with conspiracy to transport undocumented aliens and illegal reentry. He pled guilty to both counts pursuant to a written plea agreement in which he waived his right to appeal or collaterally attack his conviction or sentence, except to raise a claim of ineffective assistance of counsel. *See* D.E. 390. The Presentence Report (PSR, D.E. 425) calculated Movant's base offense level for conspiracy to transport undocumented aliens at 12. Nine

1

levels were added under U.S.S.G. § 2L1.1(b)(2)(C) because the HSO transported more than 100 aliens (specifically, more than 1,000); four levels were added under U.S.S.G. § 2L1.1(b)(4) because the HSO transported unaccompanied minors; four levels were added under U.S.S.G. § 2L1.1(b)(5)(B) because HSO members brandished firearms while smuggling aliens; two levels were added under U.S.S.G. § 2L1.1(b)(6) because the aliens were assaulted by HSO members and consistently transported in a manner that created a substantial risk of death or bodily injury; and three levels were added under U.S.S.G. § 3B1.1(b) because Movant was a manager/supervisor (but not an organizer/leader) and the criminal activity involved five or more participants or was otherwise extensive. After a multiple count adjustment and credit for acceptance of responsibility, Movant's total offense level was 31.

Defense counsel Gabriel Salais (hereinafter "Counsel") filed written objections to the PSR, objecting to: (1) the nine-level enhancement under § 2L1.1(b)(2)(C) because Movant should only be held responsible for the aliens his smaller cell in the HSO smuggled, and not aliens smuggled by the entire organization; (2) the four-level enhancement under § 2L1.1(b)(5)(B) because the firearm was in the care, custody, and control of other HSO members; and (3) the three-level enhancement under § 3B1.1(b) because Movant was in a subordinate role and did not act as a manager or supervisor. D.E. 423. Probation responded that Movant's objections should be overruled because the evidence showed that: (1) Movant personally transported more than 100 aliens; (2) Movant personally carried a black pistol with him during smuggling events; and (3) Movant was in charge of at least five individuals and paid brush guides, provided instructions for load drivers, stored vehicles for the HSO, coordinated the purchase of vehicles, and provided vehicles to other load drivers. D.E. 426. Counsel thereafter filed a supplemental brief asking the Court to consider the following sentencing factors under 18 U.S.C. § 3553(a): (1) Movant's family

ties, including five young children; (2) his two suicide attempts while in custody; and (3) his limited 9th grade education. D.E. 436.

At sentencing, Counsel withdrew his objection to the firearm enhancement and agreed to a two-level enhancement under § 3B1.2(c) for Movant's role in the offense. After hearing testimony on the number of aliens involved, the Court overruled Counsel's objection to the nine-level enhancement under § 2L1.1(b)(2)(C). The Court found that with a total offense level of 30 and a criminal history category of IV, Movant's advisory Guideline sentencing range would have been 135–168 months; however, the statutory maximum sentence for both counts of conviction was 120 months. *See* U.S.C. §§ 1324(a)(1)(B)(i) and 1326(b)(2). After hearing arguments from both sides, the Court reduced Movant's offense level by two levels based on his appellate waiver, found his new advisory Guideline range to be 110–120 months, and sentenced him to 110 months' imprisonment, to be followed by 3 years' supervised release.

Judgment was entered on October 26, 2023. Consistent with his appellate waiver, Movant did not appeal. He filed his original Section 2255 motion on October 4, 2023, and supplement to his motion on October 17, 2024. Both filings were timely.

## II. MOVANT'S ALLEGATIONS

Movant's Section 2255 motion alleges that Counsel was constitutionally ineffective because he: (1) refused to file a Notice of Appeal; (2) worked with the prosecution to enter an unwanted plea: (3) failed to challenge the PSR; and (4) failed to correct "proper sentencing and judgment."

## III. LEGAL STANDARDS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel (IAC) allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on an IAC claim, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id*. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id*. at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different." *Id*. at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

## IV. ANALYSIS

### A. Ground One: Failure to Appeal

In Ground One of his motion, Movant claims that Counsel "refused to file Notice of Appeal." D.E. 668, p. 4. He further states that he did not raise the claim alleged in Ground Two of his motion because "Counsel wouldn't file Appeal." *Id.* at 6.

The law is clear that, if a defendant requests that counsel file a notice of appeal, counsel's failure to do so constitutes ineffective assistance, entitling the defendant to an out-of-time appeal. *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000). As the Fifth Circuit held in *Tapp*, if a defendant "is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and [he] will be entitled to an out-of-time appeal, regardless of whether he is able to identify any arguable meritorious grounds for appeal . . . ." *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007).

In cases where the defendant fails to instruct counsel to file a notice of appeal, the court must determine "whether counsel in fact consulted with the defendant about an appeal." *Flores–Ortega*, 528 U.S. at 478. To "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* The Supreme Court has held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. "Only by considering all relevant factors in a given case can a court properly

determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." *Id.* "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

The Court held an evidentiary hearing on Movant's failure-to-appeal claim, during which Movant and his Counsel testified under oath. Minute Entry Feb. 7, 2025, ERO at 3:02 P.M.–4:13 P.M. Counsel testified that he consulted with Movant regarding his right to appeal prior to entering into the plea agreement and explained that Movant would get an additional two levels off at sentencing based on his appellate waiver. Counsel testified that he explained to Movant that he retained the right to file a petition for ineffective assistance of counsel and that he could still file an appeal even though he had waived his right to appeal; however, if Movant tried to file an appeal, it might be futile because of the waiver. Counsel did not explain to Movant that he had 14 days after judgment was entered to appeal. Movant testified that he did not remember that his plea agreement contained an appellate waiver. He further testified that Counsel never explained to him that he still had the right to appeal despite the waiver.

Counsel and Movant both testified that they never discussed Movant's appellate rights or anything about an appeal following sentencing. Counsel testified that he and Movant had a brief conversation after sentencing where Counsel stated that things did not go as well as they had hoped because Movant had wanted to get four levels off for leadership. Counsel testified that Movant looked "neutral" upon that discussion. Movant testified that he was "happy" with his sentence.

Movant testified that, more than 10 months following sentencing, he called Counsel's office (erroneously) thinking that his one-year term for filing an appeal was fast-approaching and that he needed to consult with Counsel. Movant testified that he called Counsel's secretary and

6

stated that he needed all his paperwork "revised" because he would like to be able to appeal his case. When he didn't hear back, he again called Counsel's office "requesting the paperwork," but "the lady" told him she could not provide him with any paperwork. Counsel testified that he never received any message indicating that Movant had called. Finally, Movant testified that, had he been instructed about the right to appeal post-sentencing, he would have requested an appeal.

The Court finds there is nothing in the record to support Movant's claim that Counsel refused to file an appeal after Movant directed him to do so. That leaves Movant's failure-to-consult claim, which the Government argues is not properly before the Court because Movant failed to timely raise it in his original Section 2255 motion or supplement. *See United States v. Alaniz*, 5 F.4th 632 (5th Cir. 2021). In *Alaniz*, the Fifth Circuit held that: (1) a claim of ineffective assistance for failing to file an appeal when directed is distinct from a claim of ineffective assistance for failing to consult about an appeal; and (2) where a defendant alleges a failure-to-file claim in his timely Section 2255 motion and only later asserts a failure-to-consult claim after the statute of limitations has expired, his failure-to-consult claim is subject to denial as untimely. *Id.* at 637–38.

Here, judgment was entered on October 26, 2023, and became final on November 9, 2023. *See United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012). Movant timely filed his original Section 2255 motion alleging his failure-to-appeal claim on October 4, 2023, and timely supplemented his Section 2255 motion realleging his failure-to-appeal claim on October 17, 2024. Movant first asserted his failure-to-consult claim during the February 3, 2025, evidentiary hearing—three months after the statute of limitations expired on November 9, 2024. The Court finds that Movant's failure-to-consult claim is therefore time barred.

The Court further finds that, even if Movant's failure-to-consult claim were not time barred, it is without merit because there is no reason to think that a rational defendant would have

7

desired an appeal or that Movant sufficiently demonstrated to Counsel an interest in an appeal. *See Flores–Ortega*, 528 U.S. at 480. It is undisputed that Movant agreed to an appellate waiver as part of his valid plea agreement and received a below-Guidelines sentence based on his waiver. Movant also explicitly testified that he was "happy" with the sentence he received. Finally, Movant does not allege, nor has the Court identified, any nonfrivolous grounds for appeal. Counsel was therefore not ineffective for failing to consult with Movant after sentencing regarding an appeal. *See, e.g.*, *United States v. Calderon*, 665 F. App'x 356, 366 (5th Cir. 2016) (counsel did not breach duty to consult because "nothing material changed" after defendant agreed to a guilty plea with an appeal waiver); *Wilkinson v. United States*, 2024 WL 2927464, at *7 (E.D. Tex. May 16, 2024), report and recommendation adopted, 2024 WL 2922977 (E.D. Tex. June 10, 2024), (counsel did not breach duty to consult because "no rational defendant would want to appeal under these circumstances," which included a minimum sentence, an appeal waiver, and a record lacking any nonfrivolous grounds for appeal); *Guerrero v. United States*, 2022 WL 4295265, at *9 (N.D. Tex. Aug. 1, 2022), report and recommendation adopted, 2022 WL 4295338 (N.D. Tex. Sept. 16, 2022), (counsel "had no reason to think [the defendant] wanted to appeal," where defendant pled guilty, admitted the facts supporting his guilt, and "received the lowest possible sentence within the applicable guidelines range").

Accordingly, Movant's claim in Ground One is denied.

**B. Ground Two: Fraud on the Court**

The factual basis supporting Movant's IAC claim in Ground Two of his original Section 2255 motion alleges in its entirely: "Fraud on the court. Counsel was ineffective for working with prosecutor to enter unwanted plea." D.E. 668, p. 5. Movant's supplement similarly claims: "Fraud on the court, counsel was ineffective for working with the Government." D.E. 672, p. 5.

At rearraignment, Movant testified under oath that he voluntarily signed the plea agreement and that no one had forced him into pleading guilty. D.E. 700, 7/5/2023 Rearraign. Tr. at 9:7-10. He further testified that no one had promised him anything to get him to plead guilty, other than the promises in the plea agreement. *Id.* at 10:2-5. In accepting the plea, the Court found that Movant's plea was knowing and voluntary. *Id.* at 18:24–19:2. Movant has not included any specific factual allegations or supporting legal authorities, beyond his own conclusory allegations, that his plea was "unwanted" or that Counsel committed a "fraud on the court." "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue" under Section 2255. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). To the contrary, a petitioner alleging ineffective assistance of counsel "must identify specific acts or omissions; general statements and conclusory charges will not suffice." *Knighton v. Maggio*, 740 F.2d 1344, 1349–50 (5th Cir. 1984).

Accordingly, Movant's claim in Ground Two is denied.

### C. Ground Three: Failure to Challenge PSR

The factual basis supporting Movant's IAC claim in Ground Three of his original Section 2255 motion alleges in its entirely: "Counsel failed to challenge PSI." D.E. 668, p. 7. Movant's supplement similarly claims: "Failed to challenge PSI." D.E. 672, p. 7. Movant does not allege with specificity what objections Counsel should have made to the PSR, nor does he cite any supporting legal authorities. *See Pineda*, 988 F.2d at 23; *Knighton*, 740 F.2d at 1349–50. Moreover, the record shows that Counsel filed written objections to the PSR and reurged those objections at sentencing.

Accordingly, Movant's claim in Ground Three is denied.

### D. Ground Four: Failure to Correct Sentence and Judgment

The factual basis supporting Movant's IAC claim in Ground Four of his original motion alleges in its entirely: "Failure to correct proper sentencing and judgment." D.E. 668, p. 8. Movant's supplement alleges IAC but provides no supporting facts for this claim. Movant pled guilty and received a below-guideline sentence. He does not allege with specificity what purported error(s) in his judgment or sentence that Counsel should have corrected, nor does he cite any supporting legal authorities. *See Pineda*, 988 F.2d at 23; *Knighton*, 740 F.2d at 1349–50.

Accordingly, Movant's claim in Ground Four is denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court denies on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. CONCLUSION

For the foregoing reasons, Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 668) is **DENIED**, and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 3rd day of June, 2025.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE